UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

AURITELLA SANTOS,

                                      Plaintiff,  **ANSWER**

                 -against-                      08-CV-01840 (AKH)

THE CITY OF NEW YORK, DEPARTMENT FOR THE AGING
and EDWIN MENDEZ-SANTIAGO,

                                      Defendants.

------------------------------------------------------------------------------- x

          Defendants the City of New York, the NYC Department for the Aging ("DFTA")

and Edwin Mendez-Santiago (collectively "Defendants") by their attorney, Michael A. Cardozo,

Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully

allege as follows:

          1.      Deny the allegations set forth in paragraph "1" of the Complaint, except

admit that plaintiff purports to proceed as set forth therein.

          2.      Deny the allegations set forth in paragraph "2" of the Complaint, except

admit that plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

          3.      Deny the allegations set forth in paragraph "3" of the Complaint, except

admit that plaintiff purports to state the basis for venue in this Court as set forth therein.

          4.      Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff is a

female and that plaintiff is an employee of the City of New York and that the NYC Department

for the Aging ("DFTA") has an office located in the County of New York.

5.    Deny the allegations set forth in paragraph "5" of the Complaint, except admit that the City of New York is a municipal corporation existing pursuant to the laws of the State of New York.

6.    Deny the allegations set forth in paragraph "6" of the Complaint, except admit that the NYC Department for the Aging ("DFTA") is an agency of the City of New York under the laws of the State of New York.

7.    Deny the allegations set forth in paragraph "7" of the Complaint, expect admit that defendant Edwin Mendez-Santiago is male, resides in the State of New York, County of Kings and that he is the Commissioner of DFTA.

8.    Admit the allegations set forth in paragraph "8" of the Complaint.

9.    Deny the allegation set forth in paragraph "9" of the Complaint, except admit that on or about October 25, 206, plaintiff filed an Amended Verified Complaint of discrimination with the New York State Division of Human Rights ("SDHR").

10.    Deny the allegations set forth in paragraph "10" of the Complaint and respectfully refer the Court to the SDHR Determination After Investigation for a complete and accurate statement of its contents.

11.    Deny the allegations set forth in paragraph "11" of the Complaint, except admit that via letter dated September 4, 2007, from Doris Traub, Esq., of Traub & Traub, P.C. on behalf of plaintiff, Ms. Traub requested a Dismissal for Administrative Convenience from the SDHR and a Notice of Right to Sue from the United State Equal Employment Opportunity Commission ("EEOC").

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint, except admit that, upon

information and belief, on or about November 27, 2007, the EEOC issued plaintiff a right to sue letter.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint, except admit that on or about January 17, 2008, the SDHR issued a Dismissal for Administrative Convenience to plaintiff.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint, except admit that the Office of the Corporation Counsel of the City of New York was served with a copy of the Complaint.

15.    Deny the allegations set forth in paragraph "15" of the Complaint, except admit that plaintiff began her employment with the NYC Department of Correction on or about August 8, 1999 until January 10, 2000, when she transferred to the NYC Department of Design and Construction ("DDC") and was later transferred to DFTA.

16.    Deny the allegations set forth in paragraph "16" of the Complaint, except admit that in 2004 plaintiff was assigned to the in-house title of Secretary for the Commissioner of DFTA.

17.    Deny the allegations set forth in paragraph "17" of the Complaint, except admit that defendant Mendez-Santiago was plaintiff's immediate supervisor.

18.    Deny the allegations set forth in paragraph "18" of the Complaint.

19.    Deny the allegations set forth in paragraph "19" of the Complaint.

20.    Deny the allegations set forth in paragraph "20" of the Complaint.

21.    Deny the allegations set forth in paragraph "21" of the Complaint.

22.    Deny the allegations set forth in paragraph "22" of the Complaint.

23.    Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Complaint.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint, except admit that in or about August 29, 2007, plaintiff was asked to return to DFTA the cellular telephone and blackberry device which was assigned to her pursuant to her employment as the secretary to the Commissioner.

41.     Deny the allegations set forth in paragraph "41" of the Complaint.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Complaint.

47.     In response to paragraph "47" of the Complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "46" inclusive of their answer as if fully set forth herein.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

50.     In response to paragraph "50" of the Complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "49" inclusive of their answer as if fully set forth herein.

51.     Deny the allegations set forth in paragraph "51" of the Complaint.

52.     Deny the allegations set forth in paragraph "52" of the Complaint.

53.     In response to paragraph "53" of the Complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "52" inclusive of their answer as if fully set forth herein.

54.     Deny the allegations set forth in paragraph "54" of the Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Complaint.

56.     In response to paragraph "56" of the Complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "55" inclusive of their answer as if fully set forth herein.

57.     Deny the allegations set forth in paragraph "57" of the Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Complaint.

## FOR A FIRST DEFENSE:

59.     The Complaint fails to state a claim upon which relief may be granted in whole or in part.

## FOR A SECOND DEFENSE:

60.     Any claims in the Complaint under Title VII which accrued more than 300 days prior to plaintiff's filing of her charge of discrimination with the SDHR or the EEOC are time-barred.

## FOR A THIRD DEFENSE:

61.     Any Title VII claims contained in the Complaint which were not also contained in the plaintiff's charge of discrimination filed with the EEOC must be dismissed for failure to exhaust administrative remedies.

## FOR A FOURTH DEFENSE:

62.     Defendant Mendez-Santiago is not subject to suit under Title VII.

## FOR A FIFTH DEFENSE:

63.     Plaintiff's state law claims fail to state a cause of action since plaintiff has failed to comply with notice of claim requirements.

## FOR A SIXTH DEFENSE:

64.     Plaintiff's state law claims are time-barred in whole or in part.

## FOR A SEVENTH DEFENSE:

65.     Defendants had legitimate business reasons for taking any of the alleged discriminatory acts complained of by plaintiff.

## FOR A EIGHTH DEFENSE:

66.     The damage claims contained in the Complaint are barred, in whole or in part, by the failure to mitigate damages.

## **FOR AN NINTH DEFENSE:**

67.    The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

## **FOR A TENTH DEFENSE:**

68.    Defendants exercised reasonable care to prevent and correct promptly any of the actions or inactions about which plaintiff complains.  Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by the respondents or to otherwise avoid harm.

**WHEREFORE**, defendants respectfully request that the Complaint be dismissed in its entirety and the relief sought therein be denied in all respects, with costs and disbursements.

Dated:      New York, New York
            May 5, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendants
                        100 Church Street, Room 2-300
                        New York, New York 10007
                        (212) 788-0924
                        acarberr@law.nyc.gov

                  By:
                        Andrez Carberry (AC 4267)
                        Assistant Corporation Counsel

TO:    Traub & Traub, P.C.
        Doris G. Traub, Esq.
        *Attorney for Plaintiff*
        39 Broadway, Suite 2420
        New York, NY 10006
        (212)-732-0208

Docket No. 08-CV-01840 (AKH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AURITELLA SANTOS,

Plaintiff,

-against-

THE CITY OF NEW YORK, DEPARTMENT
FOR THE AGING and EDWIN MENDEZ-
SANTIAGO,

Defendants.

**ANSWER**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-300*
*New York, NY 10007*

*Of Counsel: Andrez Carberry*
*Tel: (212) 788-0924*
*Matter no.: 2008-007435*

*Due and timely service is hereby admitted*

*New York, N.Y. ........................................... , 200 . . .*

*............................................................................. Esq.*

*Attorney for ...............................................................*